```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
DANIEL EXCELLENT, a/k/a Daniel
Thomas,                            :

                   Petitioner,     :     05 Civ. 7655 (DAB)(HBP)

     -against-                     :     REPORT AND
                                         RECOMMENDATION
THE NEW YORK CITY POLICE           :
DEPARTMENT, Commissioner RAYMOND
KELLY, ROBERT MORGENTHAU, CURRENT  :
DAY TO DAY CUSTODIAN, and Warden
MILLS MORTON of Bergen County Jail,:

                   Defendants.     :

----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-16-08

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE DEBORAH A. BATTS, United States

District Judge,

I.   Introduction

          Daniel Excellent seeks, by his petition for a writ of

error coram nobis under the All Writs Act, 28 U.S.C. § 1651, an

order vacating a judgment of conviction imposed on July 28, 1992,

by the Supreme Court, New York County (Carey, J.).  Excellent was

convicted, upon his plea of guilty, of attempted criminal posses-

sion of a controlled substance in the fifth degree, in violation

of New York Penal Law Section 220.06.  Pursuant to this convic-

tion and a negotiated plea agreement, petitioner was sentenced to

an indeterminate term of imprisonment of 18 months to three

years, imprisoned for approximately one year, and subsequently released.   Petitioner's sentence has now expired completely.

Respondent claims that the petition should be dismissed for lack of subject matter jurisdiction and for other reaons. For the reasons set forth below, I respectfully recommend that the petition be dismissed for want of jurisdiction.

II.   Facts

On April 4, 1992, Excellent was arrested for attempted possession of a controlled substance (Declaration of Morrie I. Kleinbart, July 7, 2006 ("Kleinbart Decl.") ¶ 2).   Excellent pleaded guilty on July 28, 1992 and was sentenced on August 25, 1992 (Pet'r's Br. 2; Kleinbart Decl. ¶ 2).   Excellent was re-manded to the custody of the New York State Department of Correc-tional Services on October 26, 1992, and was released on parole on October 27, 1993.   New York State Department of Correctional Services, Inmate Information,   http://nysdocslookup.docs.state. ny.us (search for Department Identification Number 92-R-8150). Excellent did not appeal his conviction (Kleinbart Decl. ¶ 2).

On February 28, 1995, the United States Immigration and Naturalization Service served Excellent with an order to appear at a hearing before an Immigration Judge and show cause why he should not be deported to Haiti, his country of origin, as a result of his conviction (Order to Show Cause and Notice of

2

Hearing, Feb. 10, 1995, annexed as Exhibit ("Ex.") D to Pet'r's Br. at 2-5). The Order was based on the 1992 conviction at issue here.

Apparently as a result of the removal proceedings, on or about October 17, 1995, Excellent, by counsel, moved the Supreme Court, New York County, for an order vacating the judgment against him pursuant to New York Criminal Procedure Law Section 440.10 (Notice of C.P.L. § 440.10 Motion, Oct. 17, 1995 ("CPL Mot."), annexed as Ex. C to Pet'r's Br.). On June 1, 1994, Police Officer Michael Walsh, who Excellent alleges was his arresting officer, pleaded guilty to distributing cocaine, conducting illegal searches and tax evasion, in exchange for his cooperation in connection with the prosecution of number of other corrupt police officers in the 30th police precinct. Mary B.W. Tabor, Officer in Harlem Corruption Case Pleads Guilty, N.Y. Times, June 2, 1994, at B2. Excellent argued that, at the time of the prosecution's plea negotiations with him, the prosecution knew of Walsh's participation in the extortion of arrestees, that such information would have exculpated Excellent, but that the prosecution failed to disclose this information to Excellent in violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963) (Kleinbart Decl. ¶ 3). The Supreme Court denied Excellent's motion, and also denied his application for leave to appeal from the order denying his motion (Kleinbart Decl. ¶ 3).

3

On June 16, 2005, an Immigration Judge ordered that Excellent be deported (Order of the Immigration Judge, June 16, 2005, Pet'r's Br. Ex. D at 1).  On August 11, 2005, Excellent certified that he was under civil detention by the Department of Homeland Security, awaiting removal from the United States (Certification by David Excellent, Aug. 11, 2005, Pet'r's Br. Ex. D at 6).  On August 30, 2005, Excellent filed this petition, arguing, as he did in the New York Supreme Court, that the prosecution's failure to disclose Walsh's crimes violated his rights under <u>Brady</u>.

III.  <u>Analysis</u>

Excellent styles his application as a petition for a writ of error coram nobis, and claims that the Court has juris- diction over such a petition based on the All Writs Act, 28 U.S.C. § 1651 (Pet'r's Br. 1).

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  It is well-established that the All Writs Act does not itself confer jurisdiction on the federal district courts. <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002); <u>accord</u> <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328,

4

333-34 (2d Cir. 2006); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.").  "Instead, it limits a court to issuing process in aid of its existing statutory jurisdiction . . . .  To hold otherwise would make mincemeat of the limited grants of jurisdiction bestowed upon us."  Achtman v. Kirby, McInerney & Squire, LLP, supra, 464 F.3d at 333-34, quoting Clinton v. Goldsmith, 526 U.S. 529, 534-35 (1999); see also United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999) (per curiam) ("[T]he All Writs Act does no more than supplement the express powers of a court in cases in which jurisdiction already exists.").

The Court of Appeals has specifically addressed attempts to challenge state court convictions in federal court by way of a petition for a writ of error coram nobis brought under the All Writs Act and has squarely held that federal courts lack subject matter jurisdiction to entertain such applications.

> In [United States v. Morgan, 346 U.S. 502, (1954)], the Supreme Court noted that the writ of error coram nobis "has been used, in the United States, with and without statutory authority but always with reference to its common-law scope[, i.e., a writ used by a court to correct its own errors]."  346 U.S. at 508, 74 S.Ct. 247.  Consistent with that observation, the All Writs Act, from which the federal courts derive their power to issue writs of error coram nobis, provides that "[t]he Supreme Court and all courts established by

Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a) (emphasis added). As the text plainly indicates, "the All Writs Act does not confer jurisdiction on the federal courts." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

Accordingly, our Sister Circuits that have addressed this question have ruled that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts. See, e.g., Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) ("coram nobis is not available in a federal court as a means of attack on a state criminal judgment"); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962) ("use of the writ is limited by tradition and rule . . . and cannot be used as a . . . collateral writ of error between state and federal jurisdictions"); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." (internal quotation marks omitted)); Booker v. Arkansas, 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ . . . is available, if at all, only in the court which rendered the judgment under attack."), abrogated on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis . . . cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned."); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.").

Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006); accord Peters v. New York, 06 Civ. 7096 (DAB), 2007 WL 1988146 at *2 (S.D.N.Y. July 9, 2007). Thus, this court has no jurisdiction to entertain a petition for a writ of error coram nobis directed at a state court conviction.

Construing the petition as an application for a writ of habeas corpus provides no help to petitioner.  Putting aside the obvious issue concerning the timeliness of the application,[1] the petition fails because the nature of the violation alleged by petitioner is at most a failure to disclose impeachment material regarding Walsh.  However, where a defendant pleads, the failure to provide the defendant with impeachment material does not render the plea involuntary or deficient in any respect.  United States v. Ruiz, 536 U.S. 622, 629-30 (2002).  Thus, even if the prosecution had actual knowledge of Walsh's misconduct at the time petitioner pleaded guilty and failed to disclose it, that conduct would not impair the validity of petitioner's guilty plea in any respect.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respect-fully recommend that all of Excellent's claims be dismissed for want of jurisdiction.

_____

[1]Subject to certain exceptions, none of which are applicable here, a petition for a writ of habeas corpus must be filed within one year of the date on which the conviction becomes final.  28 U.S.C. § 2244(d).  With respect to convictions, such as petitioner's, that became final prior to the enactment of the one-year limitations period, a habeas corpus petition had to have been filed by April 24, 1997 -- one year from the enactment of the limitations period.  Ross v. Artuz, 150 F.3d 97, 100-02 (2d Cir. 1998).

In addition, since petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253(c). To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam). For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner's federal rights were not violated.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections.

See also Fed.R.Civ.P. 6(a) and 6(e).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Rakoff.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 986 F.2d 298, 300 (2d Cir.); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        December 16, 2008

                                    Respectfully submitted,


                                    HENRY PITMAN
                                    United States Magistrate Judge


Copies mailed to:

Mr. Daniel Excellent
299 Broadway, Suite 1120
New York, New York  10007

Morrie I. Kleinbart, Esq.

Assistant District Attorney
  Of Counsel, New York County
One Hogan Place
New York, New York  10013